Owen, J.
The plaintiffs in error were tried and convicted in the court below upon an indictment presented against them under section 6901 of the Revised Statutes, which provides that: “ Whoever either directly or indirectly demands or receives any money, or other thing of value, for compounding or abandoning, or agreeing to abandon any prosecution threatened or commenced for any crime or misdemeanor, shall be fined, etc.”
The indictment shows that a prosecution for an alleged crime had been commenced, and that while it was pending, the defendants below received from the accused a note and a sum of money in consideration of the compounding and agreement to abandon such criminal prosecution.
*206 The plaintiffs in error maintain that the conviction was unwarranted for that the indictment against them failed to aver that a crime had been in fact committed by the person against whom the prosecution had been commenced.
Was it incumbent on the state to aver and prove the actual commission’of a crime by the party prosecuted?
If it was, it would have been equally essential to a successful prosecution of the indictment that such crime be proved beyond a reasonable doubt. Adam v. State, 31 Ohio St. 462.
This would impose upon the state a double burden, making conviction difficult if not impossible, and -in most cases require the injured parties, and those most likely to be interested in prosecuting offenses against section 6901, to establish their own guilt of the crime charged in the prosecution compounded.
The plain purpose of the statute is not only to prevent the suppression of prosecutions for actual crimes by private barter, but to prevent or punish the prostitution of the criminal processes of the law to purposes of private gain by groundless prosecutions. It is necessary to aver and prove that the prosecution was for what appeared by the charge to be a crime, but it is not necessary that the actual commission of such crime be either averred or proved. The indictment is sufficient.
The other assignments of error are not well taken.

Motion overruled.

JOHNSON, C. J., was not present when this case was considered.